Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| FRIDA MARCHOSKY KOGAN

Peticionaria

v.

DEPARTAMENTO DE LA FAMILIA Y DUEÑOS DEL HOGAR TU ETAPA DORADA

Recurrida | TA2026AP00505 | Apelación **-se acoge como *Certiorari*-** procedente del Tribunal de Primera Instancia, Sala de San Juan

Caso núm.: VB2026MU00514

Sobre: Ley 121 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Según explicamos en detalle a continuación, por haberse presentado el recurso de referencia mientras todavía estaba pendiente ante el Tribunal de Primera Instancia ("TPI") una moción de reconsideración del dictamen recurrido, se desestima el mismo por prematuro.

I.

El 19 de marzo de 2026, la Sa. Frida Marchosky Kogan (la "Peticionaria") presentó la *Petición de Orden de Protección* de referencia (la "Petición") al amparo de la Ley 121-2019, 8 LPRA secs. 1511 y ss.

La Peticionaria alegó que "el dueño" del Hogar Tu Etapa Dorada (el "Hogar") le indicó que, como ella "violaba las normas del hogar", la "iban a sacar" del mismo, entiéndase, que el Departamento de la Familia la "traslada[ría] a otro sitio". Arguyó que ello era una "violación crasa" de sus "derechos

constitucionales", además de un "atropellamiento y abuso". Solicitó al TPI que paralizara cualquier traslado.

El 31 de marzo, el Departamento de la Familia (la "Agencia") le sometió al TPI un *Informe Social de Intervención* (el "Informe"). Según el Informe, a raíz de un proceso de desahucio, el 16 de enero de 2026, se había lanzado a la Peticionaria de su residencia. Durante el proceso, estuvo presente representación de la Agencia y se consignó que la Peticionaria se opuso a recibir servicios de protección. No obstante, la Peticionaria fue luego ubicada en el Hogar, "ya que no cuenta con recursos familiares y no tiene red de apoyo en la comunidad".

Según el Informe, el operador del Hogar "informa que la conducta de la [Peticionaria] no ha sido adecuada [y] no coopera … poniéndose en riesgo su salud y bienestar". Por ello, el Hogar solicitó el "egreso" de la Peticionaria. Se indicó en el Informe que "se han identificado otros hogares sustitutos que le pued[e]n cubrir las necesidades" a la Peticionaria.

Luego de una vista celebrada el 14 de abril, el TPI, mediante una Orden notificada el 15 de abril, ordenó la "reubicación de [la Peticionaria] a otro Hogar de Cuidado prolongado certificado por el Departamento de la Familia" (la "Orden"). El TPI, además, señaló una vista de seguimiento para el 4 de junio.

El 29 de abril, la Peticionaria presentó ante el TPI una *Moción de Revocación, Nulidad de la Vista y Determinaciones Emitidas, y solicitud de Nueva Vista Conforme a Derecho y Debido Proceso* (la "Reconsideración"). Solicitó al TPI que declarase "nula" la vista del 14 de abril y que se dejara sin efecto la Orden, así como todas las "determinaciones emitidas". El 10 de mayo, el TPI, mediante una Orden, determinó que atendería la Reconsideración en la vista señalada para el 4 de junio.

El 15 de mayo, por derecho propio, la Peticionaria presentó el recurso que nos ocupa, el cual denominó *Recurso de Apelación y/o Certiorari y Urgente Auxilio de Jurisdicción*.[1] Entre otros asuntos, planteó que no hubo "evidencia clara, robusta y convincente" que sustentara la Orden. Plantea que no debe permitirse su traslado "a otro hogar sin su conocimiento, consentimiento o voluntad", y que "deseaba evaluar Plan 8 u otras opciones no institucionalizadas". Disponemos.

## II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003). La Regla 83 de nuestro Reglamento permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción.

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno ya que

---

[1] Por tratarse de una Orden dictada en el contexto de una solicitud de orden de protección bajo la Ley 121-2019, la misma se revisa a través de un recurso de *certiorari*. Por tanto, se acoge el recurso de epígrafe como tal, aunque se mantiene su clasificación alfanumérica por conveniencia administrativa. La Peticionaria también presentó una *Solicitud para Declaración de Indigencia*, la cual se declara con lugar.

la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones.

La Regla 47 de las de Procedimiento Civil de 2009, establece un término de cumplimiento estricto de 15 días para que la parte adversamente afectada por una resolución u orden del TPI solicite reconsideración de la misma. 32 LPRA Ap. V, R. 47. Una vez presentada y notificada la referida moción, queda interrumpido el término para solicitar revisión del dictamen cuya reconsideración se solicita. *Íd.*

### III.

Concluimos que el recurso de referencia fue presentado de forma prematura, por lo cual carecemos de jurisdicción para considerarlo. En efecto, al momento de presentarse el mismo (15 de mayo), el TPI tenía pendiente resolver la Reconsideración, la cual se presentó de forma oportuna. De hecho, el TPI dispuso que adjudicaría la Reconsideración con el beneficio de la vista pautada para el 4 de junio.

Por otro lado, aun si tuviésemos jurisdicción para entender sobre el recurso, en el ejercicio de nuestra discreción, denegaríamos la expedición del auto solicitado. Ello pues nuestra intervención resultaría inoportuna, ante el hecho de que el TPI tiene pendiente ante sí los planteamientos que la Peticionaria nos solicita que adjudiquemos. En esta etapa del proceso, debemos permitir que el TPI sea el que primero pase juicio sobre los mismos.

### IV.

Por los fundamentos anteriormente expuestos, se desestima por prematuro el presente recurso.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones